## IN RE INHERITANCE TAX, HOUSE BILL No. 122.

1. INHERITANCES.
The state in its sovereign capacity has power to regulate and control the transmission of property by inheritance.
2. INHERITANCE TAX—CONSTITUTIONAL LAW.
An inheritance tax is not inhibited by section 3, article 10, of the constitution.

### Original Proceeding.

THE opinion of the court was delivered in response to the following resolution and interrogatory from the honorable house of representatives :

" Whereas, there has been introduced in the house of representatives of the state of Colorado, a bill entitled ' An Act to Provide for the Taxation of Gifts, Legacies and Inherit-

ances in Certain Cases, and to Provide for the Collection of the Same;' and

"Whereas, said bill has passed through its second reading, been engrossed, revised and recommended for third reading and final passage through the said house; and

"Whereas, its constitutionality has been brought into question;

"Therefore, be it resolved, by said house of representatives, that the honorable supreme court of the state of Colorado be and hereby is requested to render its opinion in writing at the earliest possible date, for the use of the house, whether said bill, a copy of which is hereto attached, is in conflict with the provisions of section 3 of article X. of the said constitution, and particularly that portion of said section 3 included in the first sentence thereof."

The questions involved were discussed by Mr. J. WARNER MILLS, *amicus curiæ*.

PER CURIAM. The bill attached to the foregoing interrogatory provides for the levy and collection of what is commonly designated an "inheritance tax." The right to impose such tax is based upon the power of the state in its sovereign capacity to regulate and control the transmission of property by inheritance. Although designated as a tax, it is not such a tax upon property as is contemplated by section 3 of article X. of the state constitution. It is, rather, a contribution which the state levies for itself as a condition upon which the title to property shall pass upon the death of its owner; hence, the interrogatory propounded must be answered in the negative. Dos Passos on Inheritance Tax Law (2d ed.), sec. 8; *State v. Hamlin*, 86 Me. 495, s. c. 25 L. R. A. 632; *Minot v. Winthrop*, 162 Mass. 113, s. c. 26 L. R. A. 259; *State v. Alston*, 94 Tenn. 674; *United States v. Perkins*, 163 U. S. 625.

Although an inheritance tax law of some kind is in force in very many states of the Union, the statute of the state of

Illinois, from which this bill is mainly taken, is one of the most objectionable acts upon the subject to be found, and a *nisi prius* judge of that state has recently declared it to be invalid because in conflict with certain constitutional provisions of that state. See *In re Drake Estate*, No. 14, vol. 29, Chicago Legal News, p. 110; and Dos Passos, in his able work on Inheritance Tax Law, says, at page 24: "This statute is evidently modeled after the New York statutes in many respects; but it does not seem to have been carefully drafted with regard to legal phraseology, and for this and other reasons may, unfortunately, be the source of much litigation."

This author gives, in the appendix to his work, the statutes of several states upon this subject, to which we call special attention, as we think that if this state is now to enact an inheritance tax law, it should have a statute which has been approved in preference to one open to serious objection.