No. 12,690.

PEOPLE *v.* CITY AND COUNTY OF DENVER.

(10 P. [2d] 1106)

Decided May 2, 1932.

Mr. John S. Underwood, Attorney General, Mr. Clarence L. Ireland, Attorney General, Mr. Oliver Dean, Assistant, for the people.

Mr. Thomas H. Gibson, Mr. George Hetherington, Mr. Charles H. Haines, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

This is an action by the people of the state of Colorado, represented by the attorney general, against the City and County of Denver, a municipal corporation organized and existing under the Constitution and laws of the state of Colorado. The complaint alleges that in the month of May, 1929, the defendant city imported into this state by rail in carload lots from refineries in the state of Wyoming, 65,107 gallons of gasoline on which no licensed distributor in this state had paid or was liable for the excise tax of four cents per gallon imposed by chapter 139, S. L. 1929, and that after such importation and prior to the beginning of this action, defendant used in the performance of its municipal functions 63,805 gallons of said gasoline for propelling motor vehicles on the public streets and highways of the defendant and of the state. Although demand was made by the plaintiff through its inspector of oils, upon the defendant therefor, no part of the excise tax due on such gasoline used by the defendant has been paid, for which plaintiff asks judgment in the sum of $2,552.20.

Defendant demurred to this complaint upon the ground that the facts therein set forth are not sufficient to constitute a cause of action against the defendant, and upon the further ground that upon the face of the complaint the plaintiff is seeking to tax the defendant for the privilege of propelling automobiles by gasoline power on the

streets of the defendant, whereas, the defendant, being a home rule city under article XX of the Constitution of this state, has exclusive right to control its own streets and is not subject to such taxation by the general assembly of the state of Colorado. This demurrer was overruled by the trial court and the defendant filed an answer to the complaint in which, among other things, it admitted that some of the gasoline used by it during the time in question was for propelling motor vehicles on the public streets of the defendant for which defendant is not liable at all; and a portion on the highways of the state outside the limits of the city for which it is liable. The trial court found generally in favor of the state as against the city for all gasoline used by the city in propelling motor vehicles outside of the city, and, in the main, for gasoline used within the city limits, and rendered judgment in favor of the plaintiff as against the city in the aggregate sum of about $881.

The assignments of error by the state are: Refusal of the trial court to enter judgment in plaintiff's favor for the excise tax on the gasoline used by the defendant's street cleaning department for propelling trucks on the public streets of Denver in gathering and removing refuse from the streets; in refusing to enter judgment for plaintiff for the excise tax on gasoline used by defendant in propelling street sweepers on its own streets; in refusing to enter judgment in plaintiff's favor for the excise tax for gasoline used by defendant in propelling motor vehicles on the defendant's public streets in the repairing and construction of its storm sewers; in refusing to enter judgment for plaintiff for the excise tax on gasoline used by defendant in propelling motor vehicles of the highway department of the defendant in the work of planning and inspecting highway construction and repair; and for gasoline used by defendant for hauling materials for such highway construction and repair; in refusing to enter judgment for plaintiff for the excise tax on gasoline used by the defendant's paving

department in propelling tractors, drawing rollers and drags for repairing paving on defendant's streets.

The defendant city has made several assignments of cross-error. In his brief the city attorney, under the statement of the issues in the case in which it is said that only questions of law are here submitted for decision, summarizes the four issues as follows: (1) Does the general assembly have power to tax gasoline used in propelling motor vehicles on the streets of home rule cities in the manner prescribed by chapter 139, section 6, S. L. 1929? (2) Did the general assembly, by the act in question, intend to impose a tax on gasoline used in propelling motor vehicles on the streets of home rule cities? (3), Did the general assembly intend to tax gasoline used in propelling vehicles on the public streets and highways in the state of Colorado, when such vehicles were at the time being used in constructing, repairing or maintaining such public streets and highways? (4) If the general assembly did not intend to tax gasoline used in propelling motor vehicles on the public streets and highways of the state when such vehicles were at the time being used for the purpose of constructing, repairing or maintaining the highways, just what uses are to be classed as constructing, repairing or maintaining such highways?

This statement of the uses by counsel for the city may be a convenient way for disposing of this writ of error. As to the first question we have no hesitancy in saying that the general assembly had the power, and exercised it, to tax gasoline used in propelling motor vehicles on the streets of home rule cities, just as it had such power to impose a tax on counties and municipalities proper and upon individuals and that it has done so in this act of 1929. In answer to the second question, we answer, yes, that the general assembly intended to impose such a tax on home rule cities.

In the case of the *People v. Weld County*, 90 Colo. 592, 10 P. (2d) 1104, decided at this term, we held

that the general assembly did not intend to tax gasoline used in propelling motor vehicles on public streets and highways in the state of Colorado when such vehicles at the time were being used in constructing, maintaining or repairing the same. No general answer can safely be given to the fourth question and the answer thereto is not at all essential to the determination of the present controversy. We decline, therefore, to enter upon a discussion or determination of just what uses are to be classed as constructing, repairing or maintaining public highways. That determination should be reserved until it is necessary to the decision of a controversy.

▮ Furthermore, this section 6 of the law of 1929 is broad enough on its face to include within its purview the streets and highways of all counties and municipalities of the state. Section 1 of the act expressly says that "person" as used in the act means and includes every city, town or other subdivision of the state. The city attorney here admits that the act applies to every municipality in the state organized and existing under the general statutes of the state, but says that since the City and County of Denver was organized and exists as a municipal corporation by virtue of the provisions of article XX of the Constitution of the state, the 1929 act, which authorizes an excise tax upon municipalities generally, must be construed as excluding the City and County of Denver, a home rule city. This court in *People v. Denver,* 84 Colo. 576, 272 Pac. 629, held that the gasoline tax law of 1923 does not purport to include cities. In the same case this court held that legislatures have power by specific declaration to levy an excise tax upon cities generally. The court also in this case held that a gasoline tax was authorized by chapter 140, S. L. 1927, and that it was a valid tax because it was an excise tax, and the provision therein that cities should be subject to the tax is not in violation of article X, section 4 of the Colorado Constitution.

▮ We think the case of *Armstrong v. Johnson*

*Co.,* 84 Colo. 142, 268 Pac. 978, is decisive upon the right of the state to levy an excise tax upon home rule cities organized and existing under article XX of the state Constitution. The court there held that the streets of a city are highways of the state and that there is no provision in article XX of the Constitution, by which the City and County of Denver is created as a so-called home rule city, which prevents the general assembly of the state from authorizing an excise tax upon it such as it has purported to do in the 1929 statute. Such an exercise of authority by the general assembly is not with reference to a matter of purely local concern. *Denver v. Tihen,* 77 Colo. 212, 235 Pac. 777, was a case where the city of Denver attempted to collect local improvement assessments levied upon a nonprofitable cemetery and relied upon the home rule amendment for its authority to do so. We held in that case that the cemetery was entitled to the exemption provided for in section 5 of article X of the Constitution, notwithstanding the fact that Denver was a home rule city. *Denver v. Bossie,* 83 Colo. 329, 266 Pac. 214, was a case where the city let a contract for the construction of a municipal building to be used as a court house. There was no provision in the contract for Colorado stone and Colorado materials as required by sections 453 and 455, C. L. 1921, which require that all public buildings, court houses, etc., hereafter constructed in the state shall be constructed and maintained by materials produced or manufactured in Colorado. The city of Denver said that it was not bound by these sections because building of court houses was a local and municipal matter. This contention was held not good by this court. In 43 C. J., p. 275, §294, in a discussion, is a collection of authorities on the subject of municipal corporations in which reference is made to home rule provisions in state constitutions like article XX of our Constitution. Among other things, it is said by the author, and authorities are cited, that notwithtsanding such constitutional provisions the relation of the municipal cor-

poration to the state is not substantially altered, and that in regard to governmental powers and functions as distinguished from matters of purely local and municipal character, in the absence of express exemption, the muncipal corporation remains amenable to state control. We think there is no provision in article XX which deprives the state of its unquestioned power in declaring what the public policy of the state shall be in matters of taxation as well as in other matters of statewide importance. The streets and highways of Denver are public highway of the state. Every citizen of the state of Colorado or the United States has a right to travel upon them. There certainly is no express provision in article XX that makes the streets of Denver merely local highways for the use of the residents or citizens of Denver alone. The people of the state, as stated have the undoubted right to use them as have citizens and residents of other states. The district court properly ruled upon this issue.

The chief, if not the only, difficulty we have had in this case is in determining whether the trial court in its various rulings imposing this tax commited any error. As we read the record we are inclined to the view that no error against the city was committed and we are also inclined to the view that substantial justice was done to the state. In People v. Weld County, decided at this term, we held that the statutes in question here do not contemplate an excise tax on persons, counties and municipalities for gasoline used by them in the construction, maintenance and repair of highways to fit them for use of travel. We are not advised that the trial court here authorized or sanctioned any such tax.

Our conclusion of the whole matter is that the trial court in this case was right in holding that the excise tax prescribed by the 1929 act was a valid tax, and that its rulings were justified by our decision in the Weld county case. The judgment is therefore affirmed.