No. 12,624.

PEOPLE *v.* BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY.

(10 P. [2d] 1104)

Decided May 2, 1932.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. JOHN S. UNDERWOOD, Attorney General, Mr. CLARENCE L. IRELAND, Attorney General, Mr. OLIVER DEAN, Assistant, for the people.

Mr. THOMAS A. NIXON, Mr. L. J. WEST, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by the people of the state of Colorado, represented by the attorney general, against the board of county commissioners of Weld county. It has

for its object the recovery of a judgment against the county board for an excise tax authorized by chapter 140, S. L. 1927, and a similar tax in chapter 139, S. L. 1929. These provide for an excise tax of three cents and four cents per gallon respectively on all gasoline used for propelling motor vehicles on public streets or highways, and the state says the questions for determination here are: (1) Under the pleadings and the facts produced at the trial below, whether the county is liable to the state for gasoline which it uses for propelling trucks and tractors in construction and maintenance of highways which, at the time such construction and maintenance were being carried on, are open to public travel; (2) is the county liable, under section 5, chapter 140, S. L. 1927, for the excise tax of three cents on gasoline imported into the state and used by the county in various kinds of instrumentalities for road building and maintenance, some of which instrumentalities were being used on the public highway and some off the public highway, when the county fails to file with the state oil inspector a report showing a receipt for such gasoline, and also fails to pay the tax on the whole quantity of gasoline used, and thereafter claims a refund from the state on the part used for a purpose other than propelling motor vehicles on public streets or highways?

The plaintiff's complaint contains two causes of action. The first is based on the 1927 statute. Therein it is charged that defendant purchased and used in the performance of county functions a large quantity of gasoline upon which the excise tax of three cents per gallon, under this statute, had not been paid to the plaintiff and at the time of using such gasoline the defendant board knew that such tax had not been paid. The second cause of action is based upon the 1929 gasoline statute to recover the tax of four cents per gallon on a large quantity of gasoline alleged to have been imported into Colorado in May and June, 1929, by the defendant and by it "used for propelling motor vehicles on the public streets and

highways in the performance of county functions in and for said county of Weld, which no licensed distributor of motor fuel had paid or was liable for.''

Upon the evidence produced the district court gave plaintiff judgment against the defendant on both causes of action for the tax on certain gasoline used by it, being respectively gasoline used in trucks for transporting gasoline in the surfacing or repair car, the road overseer's automobile and the bridge truck. The trial court found as a fact, generally, that instrumentalities used by the defendant, such as road machinery, and power units used directly and exclusively for the construction, maintenance and repair of public highways are not motor vehicles, within the meaning of the statute, and the consumption of gasoline in operating such instrumentalities is not a taxable use of gasoline within the meaning of the statute.

Further to show the theory of the defendant county in this case we summarize its objections contained in its answer to the first cause of action brought under the act of 1927. Counsel for defendant asserts therein that the gasoline so used was for a nontaxable purpose as follows: gasoline used in surfacing trucks while carrying materials onto the public highways and which were merged into the construction thereof; gasoline used in maintenance trucks while grading, leveling and maintaining public highways; gasoline used in grading tractors while in the act of construction and repair of public highways; gasoline used in maintenance while leveling, smoothing and grading public highways; gasoline used in drag lines and other power units in preparing and loading road materials for use on public highways and used in repair shops in reconditioning and repair of road machinery, and not used in motor vehicles for propelling motor vehicles on the public highways; used in business cars and gas-delivering trucks while transporting officials and agents of the county, and freight and materials to various parts of the county in the performance of the

duties of the county in constructing, repairing and building of public highways. The answer further alleges that none of the gasoline was used for propelling motor vehicles upon the public highways within the terms of the 1927 act.

Defendant's further defense to the second cause of action in the complaint that the 1927 act is unconstitutional, is not pressed for argument.

The county, as stated by its counsel, in effect says that the gasoline, for the excise tax upon which this action was instituted, was not used in motor vehicles being propelled on the public highways of the state within the meaning of the statute, and gasoline used in trucks or tractors on the public highways in aid of, or contributing to, construction and repair, is not subject to the tax.

The words "propelled on" as used in our statute, and the words "operated upon," as used in the California statute and the statute of South Dakota, hereinafter referred to, do not mean gasoline in machines used in constructing, repairing or maintaining the public highways. Defendant admits that the use of gasoline by county commissioners and by other county officers to propel their motor vehicles while in the mere performance of ordinary official functions is a taxable use, but denies that the use of gasoline in machines used by the county in building, repairing and maintaining roads for such officers and the public is a taxable use within the statute; that the use of gasoline in machines used for building or repairing of a highway is no more a use of that highway than the use of gasoline in farm equipment.

We have summarized the contention of the respective parties as the best way to present the question for decision. The state's position is that under the acts of 1927 and 1929 it has the power, which it has exercised, to impose and collect from counties and municipalities in this state an excise tax on all gasoline used by them as power in propelling motor vehicles upon the public highways of the state, including gasoline used by them in the work

not only of preparing them for such use, but also in maintaining and keeping them in proper repair. The defendant's contentions are that such statutory provisions mean that a taxable use of gasoline in propelling motor vehicles on highways is for the privilege of using them as completed highways; but gasoline used in constructing highways and in maintaining and keeping them in suitable repair for travel is not taxable.

We think the county is right in its contention. The only cases in point to which we are cited are *Allen v. Jones*, 47 S. D. 603, 201 N. W. 353, and *Oswald v. Johnson*, 210 Cal. 321, 291 Pac. 579. In the Allen case the court in construing a clause in the statute of South Dakota: "except motor vehicles operated or intended to be operated in whole or in part upon any of the public highways of the state," said: "a tractor being used in the construction of a highway is not being 'operated upon' a highway in any proper sense whatever. The word 'highway' as used in the clause 'motor vehicles operated or intended to be operated * * * upon any of the highways in the state * * * means a roadway or driveway that can be used for public travel. It does not mean a mere right of way upon which a road can be or is being constructed." In the California case the Allen case was cited with approval and its doctrine applied. We think the decisions in these cases are applicable here; that is, gasoline used by a county or municipality in the construction, maintenance and repair of its highways to fit them for use as such, is not "being operated upon," or, to use the language of our statute, "is not being used in propelling motor vehicles upon a highway."

The trial court made sixteen separate findings of fact of which fourteen were in favor of the defendant county, and two in favor of plaintiff state. Exceptions thereto by the respective parties were saved and errors and cross-errors were properly assigned to these adverse rulings. The fourteen findings for the county are right and are affirmed. The two in favor of the state are wrong

and are set aside. Finding numbered 7 in favor of the state is that the county from May, 1927, to April, 1929, used gasoline in propelling motor vehicles on the public highways, and the amount of the tax thereon due to the state is $1,407.99. Finding numbered 14, in favor of the state is that in June, 1929, defendant county used taxable gasoline in its motor vehicles on the public highway, the tax on which amounts to $189. These two findings are based on the unwarranted assumption by the trial court that the county is liable for a tax on gasoline used by it in propelling motor vehicles in the construction, maintenance and repair of its public highways, and in propelling its delivery trucks, repair cars, overseer's cars and bridge and fire trucks, as a part of, and necessarily incident to, such construction, maintenance and repair work. All of the gasoline so consumed was used directly or indirectly, and exclusively for, and in aid of, construction, maintenance and repair of public highways, and the use is not a taxable one.

The judgment in favor of the county is therefor affirmed as to that part based on the fourteen findings of fact in its favor, and reversed as to that part based on the two findings numbered 7 and 14, with directions to the trial court to make the proper orders to carry out our conclusion.