No. 14,437.

BEDFORD, STATE TREASURER *v.* HARTMAN BROTHERS, INC. ET AL.

(89 P. [2d] 584)

Decided December 27, 1938. On rehearing departmental opinion modified and adhered to en banc April 10, 1939.

Mr. BYRON G. ROGERS, Attorney General, Mr. ELMER P. COGBURN, Assistant, for plaintiff in error.

Messrs. MOYNIHAN-HUGHES, Messrs. ALTER & UPTON, of counsel on petition for rehearing, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS action was brought under the Declaratory Judgments Act, and involves a construction of a portion of the Sales Tax Act, chapter 144, volume 4, '35 C. S. A. Homer F. Bedford, as state treasurer, defendant below, seeks a reversal of the judgment of the trial court in favor of defendants in error, Hartman Brothers, Inc., dealers

in new and used automobiles, and C. Ray Bass, an in-
dividual, who were plaintiffs in the trial court. Reference
will be made to the parties as Hartman, Bass and the
treasurer, respectively.

■ The sole question involved is whether an auto-
mobile dealer must collect the two per cent tax on the
sale of a used car, if he later disposes of it, which car
was accepted in part payment for a new car where it
appears that he collected the two per cent from the buyer
on the full amount of the purchase price of the new car.
Specifically stated, the evidence before us discloses that
Hartman sold a new car for $1,045 and took as part pay-
ment a used car at the agreed value of $450, which
amount was credited upon the sale price of the new car;
that he collected two per cent of the $1,045, or $20.90, as
the sales tax; that he later sold the used car to Bass for
$400, and Bedford seeks to enforce the collection of the
two per cent tax on that $400 sale. Is he entitled to do so
under the law? The answer must be yes.

At the time the sales tax act became a law, the state
treasurer promulgated certain rules and regulations, as
he was authorized to do, one of which read as follows:
"22. Traded-in Property—Sale of. Sales in which the
consideration is partly money and partly something other
than money, the sale price shall be the full consideration
including both money and that part other than money.
To illustrate: Where an article is sold for $100.00, $90.00
in cash and an allowance of $10.00 on a used article in
lieu of cash, the total gross consideration received is
$100.00, therefore, the $100.00 is taxable. Provided, how-
ever, Federal excise taxes are not part of the taxable
retail price, and should be deducted before calculating
sales tax.

"Likewise, when any tangible personal property which
has been taken in trade is subsequently sold to a con-
sumer or user, the tax applies upon the total amount of
such sale."

Counsel for Hartman contend that the last paragraph of this regulation, which imposes a full two per cent tax on the sale of the traded-in article, is illegal and void because it conflicts with the following language of the act itself: "2(m) 'Gross taxable sales' shall mean the total amount received in money, credits, property or other consideration valued in money from sales and purchases at retail within this state; and embraced within the provisions of articles 1 to 5 of this chapter * * * and provided further that the sale price of any article accepted as part payment on any new article sold, shall not be included if the full price of the new article is included in gross sales * * *."

They argue, "It is our contention that paragraph (m) does not treat of individual transactions except as it defines and points out rules and methods of bookkeeping set up to be made by the taxpayer to the retailer; that in the present case, the provision must be construed as applicable to Hartman Brothers, the retailer. The retailer is told, first, that he must keep a record of 'the total amount received in moneys, credits, property or other consideration valued in money, from sales.' Therefore, the retailer enters upon his books gross sale price of the new car. He received only part of this in money, and therefore, his bookkeeping entry includes, as a matter of fact, the agreed value of the second-hand car and he pays two per cent, not only upon the actual money he receives, but upon the value of the new car, to the state treasurer.

"Then comes a time when the retailer — Hartman Brothers in this instance—sells the second-hand car. They have already entered in their bookkeeping record an item which requires them to pay to the state treasurer two per cent of the value of the car, so the legislature says, 'the sale price of any article accepted as part payment of any new article sold shall not be included (in gross taxable sales) if the full price of the new article is included in gross sales.' Therefore, Hartman Brothers do not, when they sell the second-hand car, put this sale

price into their gross sales record, and are only required to pay the two per cent on its agreed value at the one time. If they have to put it in the second time, of necessity, they would pay four per cent to the state on the agreed value of the second-hand car.''

The flaw in this argument is that it assumes that the words, ''sale price of any article accepted as part payment,'' have reference to a future independent sale of that article. It seems obvious to us that such construction is strained and not justified by the context. The words ''sale price,'' as used here, refer to the price placed upon the article accepted as part payment in the present and immediate transaction. This is the only interpretation consistent with the language that follows, ''on any new article sold, shall not be included if the full price of the new article is included in gross sales.'' Applying our construction, which is that of the treasurer's regulation (No. 22, supra, second paragraph), it follows that the two per cent tax must be imposed and collected on the full price ($1,045) of the new car, but is not imposed on the sale price (trade in allowance) of the used car (article accepted as part payment) in that transaction.

The fallacy is further illustrated by the statement in conclusion, that ''If they have to put it in the second time, of necessity, they would pay four per cent to the state on the agreed value of the second-hand car,'' which conveys the idea that if the tax has been paid on the property once that it is no longer subject to the tax. There is no limit to the number of times a particular article of merchandise may be subject to a sales tax so long as it remains in the stream of commerce and goes through the regular channels of trade, and the dealer must collect the tax, unless the property falls within the exemptions. (§15, c. 144, supra.)

Furthermore, it must be noted that the tax is not imposed on the dealer. He is merely the state's agent to collect, and is compensated for that service. When he sells the used car he collects the tax from the purchaser.

There is no double taxation on the buyer. *Morrow v. Henneford,* 182 Wash. 625, 47 P. (2d) 1016.

■■■ As a general rule any doubt concerning the meaning of a taxing statute must be resolved in favor of the taxpayer; but if the latter claims an exemption under the act the burden is on him to establish clearly his right to it. 61 C. J. 391. In accordance with the general rule, as above noted, section 5 of the act provides, in part, "The burden of proving that sales and purchases are exempt from taxation under articles 1 to 5 of this chapter, or not at retail, shall be on the vendor, under such reasonable requirements of proof as the state treasurer may proscribe."

Our conclusion, therefore, is that the tax act is applicable to the sale of the used car here in question; accordingly the judgment of the trial court must be, and it hereby is, reversed.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE KNOUS not participating.

### ON REHEARING.

MR. JUSTICE BAKKE.

On rehearing, determined en banc, the court modifies and adheres to the original departmental opinion.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE KNOUS not participating.