[Civ. No. 14286.  First Dist., Div. Two.  Nov. 14, 1950.]

Estate of EVA D. BAXTER, Deceased.  THE SALVATION
ARMY (a Corporation), Appellant, v. THOMAS H.
KUCHEL, as State Controller, etc., Respondent.

McCutchen, Thomas, Matthew, Griffiths & Greene for Appellant.

James W. Hickey, Inheritance Tax Attorney, and Richard
O'Connor, Deputy Inheritance Tax Attorney, for Respondent.

NOURSE, P. J.—The appeal is heard on an agreed statement.  The will of decedent left one-sixth of the residue of her estate to "The Salvation Army of Cleveland, Ohio." There is no such corporation or organization in the State of Ohio having power to receive, control or manage property of any kind.  Accordingly the bequest was ordered distributed to the Salvation Army, a corporation organized and existing in the State of New York, less, however, the sum of $3,498.13 claimed by respondent by way of an inheritance tax.

The question on appeal is whether the gift to the New York corporation, which operates in a "reciprocal" state is subject to the tax because the fund is to be used for charitable purposes in Ohio, which is a nonreciprocal state.

What we have said in *Estate of Bendheim, post,* p. 398 [223 P.2d 874], this day decided, applies equally here. Section 13842 of the Revenue and Taxation Code exempts from the inheritance tax property "transferred to" a charitable corporation of another state whose laws contain a reciprocal exemption of property transferred to a charitable organi-

zation in this state. The criterion of interpretation is that the Legislature designated the transferee as the one entitled to claim the exemption and that there is no language in the code which supports the contention that the beneficiaries of the charities of the transferee must also reside in a "reciprocal" state.

For the reasons stated in *Estate of Bendheim, infra,* the order is reversed.

Dooling, J., concurred.