No. 19,153.

PEOPLE OF THE STATE OF COLORADO, EX REL. DUKE W. DUNBAR, ATTORNEY GENERAL, ET AL. *v.* JULIAN WHITE, EXECUTOR, ETC.
(355 P. [2d] 963)

Decided October 10, 1960.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, MR. NEIL TASHER, Assistant and Inheritance Tax Commissioner, Mr. FLOYD B. ENGEMAN, Assistant, for plaintiffs in error.

Messrs. HODGES, SILVERSTEIN, HODGES & HARRINGTON, Mr. ARTHUR E. OTTEN, JR., amici curiae.

No appearance for defendant in error.

*In Department.*

PER CURIAM.

WE will refer to plaintiffs in error as the Inheritance Tax Department, and to the defendant in error as the transferee. The defendant in error has not appeared in this court. Amici Curiae have filed a brief and participated in oral argument. They take the same position here with reference to the subject matter as was asserted by the defendant in error in the county court.

The matter involves an inheritance tax problem. One Burdella A. Henderson died in 1958, a resident of Denver. In her last will and testament, she designated the transferee, an adopted son of testatrix' sister, as residuary legatee of the estate. The Inheritance Tax Department made its tax assessment and filed a report in the estate, but on the assumption that the transferee was a nephew by blood rather than by adoption. The tax so assessed was paid.

Thereafter, the department filed in the estate an additional assessment for inheritance tax, claiming that the transferee had the legal status of a stranger to the decedent under the inheritance tax laws, for which reason the transfer to him was taxable at a higher rate than that first assessed by the department.

The transferee, as executor, filed objections to the later assessment. At a hearing the objections were sus-

tained by the county court. The department, claiming error, is here seeking a reversal of the judgment.

There is only one issue for determination.

Does an adopted child have a legal status different from that of a child born to the adopting parent or parents?

(1) Resolution of this controversy is not difficult. The General Assembly has evidenced a benign policy toward adopted persons. C.R.S. '53, 4-1-11, provides in part as follows:

"From and after the entry of a final decree of adoption the following legal effects shall result:

"(1) The person adopted shall be to all intents and purposes, the child of the petitioner or petitioners. He shall be entitled to all the rights and privileges and be subject to all the obligations of a child born in lawful wedlock to the petitioner or petitioners."

It is the contention of the Inheritance Tax Department that for tax purposes a "nephew" within the meaning of the inheritance tax laws must be a lineal descendant in order to be classified as a nephew under "Class C."

The pertinent portion of the inheritance tax law provides as follows:

"Class C. Any uncle, aunt, niece, or nephew, or any lineal descendant of the same." C.R.S. '53, 138-4-14.

In considering the quoted statutes together, it is obvious that the legislature intended to give an adopted child the *legal* status of a lineal descendant of the adopting parent or parents. It is our duty to give effect to the intention of the General Assembly when within constitutional limits. By enacting the adoption statutes, the legislature strove to insure harmony in the family and create justice for adopted children. Any other interpretation would be oppressive and unjust. We therefore conclude that the statutes involved in this matter clearly declare a child by adoption to have the same legal status as a natural child.

We do not wish to be understood as modifying our holding in *People, ex rel. Dunbar v. Schaefer,* 129 Colo. 215, 268 P. (2d) 420, interpreting section 14, chapter 85, '35 C.S.A., as amended, re-enacted as C.R.S. '53, 138-4-14, as it relates to the classification for inheritance tax purposes of adopted children after reaching the age of twenty-one years. As pointed out in that decision, such persons may be lawfully classified for such purpose, i.e., those who were adopted before, and those adopted after, attaining their majority. The transferee here is a nephew by adoption and not an adopted child of the deceased; and if amenable to the statute classifying adopted children for purpose of inheritance tax, the record does not show that he had reached the age of twenty-one years at the time of his adoption by the deceased's sister. It must therefore be presumed that he had not reached that age prior to adoption and hence is entitled to be included among those enumerated in Class C.

The determination of the county court was correct. Accordingly, the judgment is affirmed.

MR. JUSTICE HALL, MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.