No. 20,574.

STATE OF COLORADO, ET AL., *v.* ESTATE OF
THERESA C. FISCH, DECEASED, ET AL.

(387 P. [2d] 282)

Decided November 26, 1963.      Rehearing denied December 23, 1963.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Neil Tasher, Assistant Attorney General and Inheritance Tax Commissioner, Mr. E. J. O'Brien II, Assistant Attorney General, for plaintiffs in error.

Messrs. Smith, Pyle, Johnson & Makris, for defendant in error The American Lutheran Church.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

Decedent Theresa C. Fisch's Last Will and Testament, dated August 5, 1955, bequeathed under Paragraph "Eighth: To the Grace Lutheran Sanatorium of San Antonio, Texas * * * the sum of Three Thousand Dollars"; and by paragraph "Sixteenth" she devised and bequeathed the remainder of her estate equally to eleven named charitable organizations including said Sanatorium.

Mrs. Fisch died April 26, 1961, and her will was offered for probate and admitted soon thereafter. Subsequently the Colorado Inheritance Tax Commissioner assessed a tax of $3,044.00 by virtue of C.R.S. '53, 138-4-15, on the bequests to the Sanatorium on the ground that Texas is a non-reciprocal state, i.e. does not grant exemptions on similar bequests to Colorado based nonprofit corporations. The tax was paid under protest and this action filed to recover it.

Trial was to the court with no court reporter present. Numerous exhibits were offered and admitted in evidence; a written stipulation of many pertinent facts was filed and three witnesses for the estate were heard. Among the exhibits are the articles of incorporation of

the Sanatorium, the Handbook of the American Lutheran Church which includes a statement of "General Fiscal Policies," and copies of deeds to the Texas realty upon which the Sanatorium is built.

The contention of the estate and the American Lutheran Church both in the trial court and here is that though there is such a Texas corporation as named in the will of decedent, nevertheless, it is only a subsidiary of the American Lutheran Church, a Minnesota not-for-profit corporation which owns the land upon which its buildings are located and which Minnesota corporation controls and directs its fiscal policies. Further, that since this is so, and Minnesota is a reciprocal tax state with Colorado, no inheritance tax can be assessed.

The trial court found for the defendants in error on the principal ground that the Texas corporation "cannot receive and are (it is) not empowered to receive any contributions, therefore there is nothing to be taxed as nothing is received." The reason for so holding being that it was not " * * * an entire entity but subject to by-laws and provisions of a main society without recourse or redress." It ordered the tax paid refunded and the State seeks relief by writ of error alleging two grounds for reversal, to-wit:

(1) As a matter of law, the Grace Lutheran Sanatorium and Hospital of San Antonio, Texas (its present name) is the recipient of the deceased's bequest; and

2. The law of the legatee's domicile determines the capacity of the legatee to take.

Before we can consider these allegations of error, however, it is necessary to note that defendant in error, The American Lutheran Church, has itself set forth in its Answer Brief five reasons why it believes the judgment must be affirmed. Four of these we consider to be without substance in the instant case, but one requires an answer before we can proceed to the merits of the controversy. That pertinent issue is whether, on writ of error, this court can determine the issue pre-

sented when no reporter's transcript is included in the record which consists of pleadings, a written factual stipulation, exhibits, and court comments and judgments? Accordingly, we consider first this issue before treating plaintiff in error's contentions.

It is true we have held in some cases that, in the absence of a reporter's transcript, we are bound to presume that the findings and conclusions of the trial court are correct and that the evidence adduced supports the judgment. *Burton v. Garner,* 150 Colo. 529, 374 P. (2d) 707 (1962); *Meagher v. Neal,* 130 Colo. 7, 272 P. (2d) 992 (1954); *Teets v. Richardson,* 131 Colo. 592, 594, 284 P. (2d) 233 (1955). However, where the record, as here, is sufficient to justify determination of controlling issues that rule does not apply.

In the instant case, the articles of incorporation of the Sanatorium recite in pertinent part that: "This association has no capital stock, but is supported by voluntary contributions * * *"; and that "All persons who shall contribute the sum of * * * or more, in any one year, shall be members * * *." The written stipulation of facts admits the existence of the Sanatorium as a Texas corporation and its non-profit character, and, that it existed when decedent's will was executed. The existence of the Minnesota corporation and its articles of incorporation are admitted and that it has power to receive gifts and endowments and to hold and use them for its charitable purposes; further, it is agreed that the Minnesota corporation is qualified to do business in Texas and owns the land and has policy control over this Sanatorium as one of a number of institutions in its care. Also, it is agreed that the Texas statute (Title 122A, Art. 14.06, Ch. 14, Vol. 20A entitled "Vernon's Texas Civil Statutes) is not reciprocal with Colorado. Finally, it is stipulated that all funds passing under decedent's last Will and Testament "will be used for the benefit of" this particular Sanatorium.

Obviously, this record contains the equivalent of testi-

mony (viz. the stipulation) coupled with legal documents in evidence which show as a matter of law that decedent bequeathed the money in question to the Texas Sanatorium and that it in fact will receive it. Nothing that any witness could say will change the legal effect of that. We therefore consider the decisive question before us is whether as a matter of law the bequest had to be funnelled through the Minnesota conduit to its true recipient. In finding that it must because there was no Texas corporation which could receive the gift the trial court was in error. This is so because, as already set forth, the wording from the Texas articles of incorporation show the Sanatorium is not only supported by voluntary contributions but also that donors can become members.

The law is that if an organization is in existence and has the capacity of accepting and holding a gift it is prima facie entitled to the gift. *Town of Cody v. Buffalo Bill Memorial Assoc.*, 64 Wyo. 468, 196 P. (2d) 369, 377 (1948); 4 *Bowe-Parker: Page on Wills*, Vol. 4, § 34.39, page 484. Also, the law of the legatee's domicile determines its capacity to take personalty. *Galiger v. Armstrong*, 114 Colo. 397, 165 P. (2d) 1019 (1946); also see: 10 *Am. Jur., Charities*, Sec. 45, pages 616-17. Thus, the law of Texas determines the manner, method and general capacity of the Sanatorium to take the bequest herein. In Texas, a non-profit corporation engaged in charitable, social welfare, benevolent and religious work has the right to acquire and hold property. See: *State Medical Assoc. of Texas v. Committee for Chiropractic Education*, (Tex. Civ. App. 1951), 236 S.W. (2d) 632. In addition, in Colorado at least, exemptions are a matter of grace and a claimed exclusion will not be granted unless given by the constitution or unless the statute is clear and unambiguous. *Young Life v. Chaffee County*, 134 Colo. 15, 24, 300 P. (2d) 535 (1956). As a general rule any doubt concerning the meaning of a taxing statute must be resolved in favor of the taxpayer; but

if the latter claims an exemption under the act the burden is on him to establish clearly his right to it. *Bedford v. Hartman,* 104 Colo. 190, 195, 89 P. (2d) 584 (1939).

The fact that there is also a parent corporation which could have taken if the decedent had so directed does not mean in law that the parent had to take. This is especially true when such interpretation would serve to defeat the very legislative purpose of a reciprocal statute. Cf. *In re Bendheim's Estate,* 100 Cal. App. (2d) 398, 223 P. (2d) 874 (1950), and *In re Baxter's Estate,* 100 Cal. App. (2d) 397, 223 P. (2d) 877 (1950).

The judgment is reversed with directions to dismiss the action with prejudice.

MR. JUSTICE HALL concurs in the result.