## No. 25888

The First National Bank of Denver, as Executor of the Will of Ruth K. Shwayder, a/k/a Ruth Klingstein Shwayder, Deceased v. The People of the State of Colorado; John P. Moore, Attorney General for the State of Colorado; and Neil Tasher, Colorado Inheritance Tax Commissioner

(516 P.2d 639)

Decided December 10, 1973.

Isaacson, Rosenbaum, Spiegleman & Friedman, P.C., Louis G. Isaacson, Harvey E. Deutsch, for plaintiff-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, Lon J. Putnam, Assistant, for defendants-appellees.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This appeal is from a judgment of the probate court of the City and County of Denver which upheld a report of the appraisement and assessment of the Colorado Inheritance Commissioner, hereinafter referred to as Commissioner. The First National Bank of Denver, as executor of the estate of Ruth K. Shwayder, is the plaintiff-appellant.

The controversy here involves the status (for inheritance tax purposes) of three children as devisees and legatees in the will of their mother's stepmother. The decedent, Ruth K. Shwayder, married Maurice Shwayder in 1923. By a prior marriage between Maurice and Mollie S. Shwayder — who had died in 1921 — one child, now Maurine Shwayder Borwick, was born. When Ruth and Maurice Shwayder were married, Ruth assumed the maternal duties of caring for Maurine Borwick but did not adopt Maurine as her own child; nor is there evidence in the record that she intended to do so. One child, Barbara Shwayder, was born of the marriage of Ruth and Maurice, and Barbara and Maurine were raised together. Ultimately, Maurine married and had three children: Rodney Borwick, Gail Borwick, and Douglas Borwick. In relation to Ruth K. Shwayder, these children

were her stepgrandchildren.

When Ruth K. Shwayder wrote her will, she made provision for her relatives and stepgrandchildren. The executor filed the report which is the subject matter of this litigation, classifying Rodney, Gail and Douglas Borwick as Class "A" beneficiaries for inheritance tax purposes, C.R.S. 1963, 138-3-14(2)(a) *infra.* The executor's classification was rejected by the Commissioner, who placed the Borwick children in Class "D". That decision was affirmed by the probate court and this appeal was brought. We affirm.

I.

The first argument for reversal is that the Commissioner erred as a matter of law in classifying the Borwick children as Class "D" beneficiaries. Appellant contends that the Borwick children, though they are neither the lineal descendants of Ruth K. Shwayder nor the descendants of one who was legally adopted by her, are entitled to be Class "A" beneficiaries.

C.R.S. 1963, 138-3-14 provides in pertinent part:

"(2) The following beneficiaries shall be included in:

"(a) Class A. Father, mother, husband, wife, child, stepchild, or any child or children legally adopted as such, or to any lineal descendant of such decedent; * * *

"(d) Class D. All other persons and corporations not exempt from taxation under this article."

We view section (2)(a) unambiguous in excluding the stepgrandchildren of Ruth K. Shwayder. In reaching that conclusion, we are in agreement with the reasoning of *Denver United States National Bank v. People,* 29 Colo. App. 93, 480 P.2d 849 (cert. denied 1971). There, the same issue was presented. The court disposed of the contention that stepgrandchildren were Class "A" beneficiaries in the following holding:

"The words of the statute create no doubt here. The provision lists the designated beneficiaries in a series of generations, *i.e.,* parents, spouses, children and, finally lineal descendants 'of such decedent.' *The listing of lineal descendants as a separate category clearly indicates that 'child',*

*whether natural, step-, or adopted, does not include the offspring of such child. Lineal descendants are included because of their relationship to the decedent, rather than to their immediate parent.* Thus Susan cannot qualify as a stepchild.

"Neither does she qualify as a lineal descendant of the decedent. The inclusion of 'stepchild' in the tax classification does not change the relationship of the parties and does not make Susan a 'legal' grandchild. The executor urges that, since adopted children and their issue are given the 'legal' status of natural children and their issue (*People v. White,* 144 Colo. 212, 355 P.2d 963), the same 'legal' status must be given to the issue of stepchildren. However, adopted children and their issue achieve their status from the adoption statutes and not because of the inclusion of a 'child * * * legally adopted' in the tax statute. There is no such statute pertaining to a stepchild." (Emphasis added.)

## II.

Appellant next contends that an interpretation of C.R.S. 1963, 138-3-14, which imposes a different tax on a taxpayer who is a stepgrandchild of a decedent than that paid by a grandchild of a decedent violates the equal protection clause of the federal constitution as well as the Colorado constitutional requirement that all taxes on real or personal property be uniform. Colo. Const., Art. X, § 3. We need not deal with the second assertion for it is indisputable that Colo. Const., Art. X, § 3 does not apply to inheritance taxation. *Hughes v. State,* 97 Colo. 279, 49 P.2d 1009 (1935); *Brown v. Elder,* 32 Colo. 527, 77 P. 853 (1904); *In Re Inheritance Tax,* 23 Colo. 492, 48 P. 535 (1897).

With regard to the equal protection clause, we find the classification by the legislature not to be an infringement of fundamental rights and need only be supported by a rational basis to comport with the equal protection clause. This statutory scheme of taxation, giving preference to spouses and blood relatives of a decedent, comports with the natural law of kinship and, as stated in *Denver United States National Bank v. People, supra,* the legislature concerned

itself with the relationship to the decedent in working out the tax scheme.

### III.

■ As a final ground for reversal, appellant requests that we apply the doctrine of "equitable adoption" first set forth in *Barlow v. Barlow,* 170 Colo. 465, 463 P.2d 305 (1969), and hold that the stepgrandchildren be treated as grandchildren for inheritance tax purposes. We hold the doctrine is inapplicable.

■ In *Barlow,* the decedent died intestate. We held that a child who was raised by a husband and wife, but never legally adopted, could be held to be equitably adopted for purposes of *intestacy.* We specifically limited the doctrine to a situation where there was "an oral contract to adopt a child, fully performed except that there was no statutory adoption, and in which the rule is applied for the benefit of the child in the determination of heirship upon the death of the person contracting to adopt." Here, there was no evidence of an oral contract to adopt. The appellant-executor seeks to have the court apply the rule for the benefit of the stepgrandchildren. The person who could claim to come under the doctrine is Maurine Borwick. She has asserted no claim and we have been cited no authority holding that the equitable adoption doctrine is assignable or derivative. Thus, this case is outside the scope of *Barlow,* and equitable adoption does not apply in this case. *Hutton v. Busaytis,* 326 Ill. 453, 158 N.E. 156 (1927); *In Re Norman's Estate,* 209 Minn. 19, 295 N.W. 63 (1940); *Niehaus v. Madden,* 348 Mo. 770, 155 S.W.2d 141 (1941); *Clemons v. Clemons,* 193 Okla. 412, 145 P.2d 928 (1943); Bailey, *Adoption By Estoppel,* 36 Tex. L. Rev. 30 (1957). Moreover, we deal here with a situation where the legislature has enacted specific legislation which disposes of the appellant's claim, and we refuse to carve out an exception where the legislature has spoken. *State v. Estate of Theresa C. Fisch, Deceased,* 153 Colo. 525, 387 P.2d 282 (1963); *Carpenter v. May Department Stores Co.,* 111 Colo. 479, 143 P.2d. 270 (1943); *Bedford v. Hartman Brothers, Inc.,* 104 Colo. 190, 89 P.2d 584 (1939).

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.