**REGIONAL TRANSPORTATION DISTRICT, a political subdivision of the State of Colorado, Plaintiff-Appellant,**

v.

**Alan L. CHARNES, Executive Director, Department of Revenue, State of Colorado, and Department of Revenue, State of Colorado, Defendants-Appellees.**

No. 82CA0745.

Colorado Court of Appeals, Div. III.

Dec. 2, 1982.

Rehearing Denied Dec. 30, 1982.

Alan E. Richman, Denver, for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Chris J. Eliopulos, Asst. Attys. Gen., Denver, for defendants-appellees.

VAN CISE, Judge.

Plaintiff, Regional Transportation District (RTD), instituted this action in the district court, pursuant to § 39–21–105, C.R.S.1973, appealing the final determination of the Department of Revenue (the Department) that RTD was liable for passenger-mile tax under § 42–3–123(18)(a), C.R.S.1973, on passenger-miles operated outside the boundaries of a city, a city and county, or an incorporated town, and rejecting RTD's claim for refund of the passenger-mile taxes which it had paid under protest. The district court held that RTD was liable for the tax and dismissed the action. Contending that it is exempt from having to pay any passenger-mile taxes, RTD appeals. We affirm.

The case was tried on agreed facts. RTD is a political subdivision of the State of Colorado, organized under the Regional Transportation District Act, § 32–9–101, et seq., C.R.S.1973, enacted and effective in 1969. In the Act, RTD is charged with the duty of developing, maintaining, and operating a mass transportation system within the district, and is authorized also to, and does, operate special charter services both within and without the district. Sections 32–9–104(7)(b) and 32–9–107(1), C.R.S.1973. The district encompasses all or a part of six counties, and includes some county unincorporated land. Section 32–9–106, C.R.S.1973 (1982 Cum.Supp.).

The statute at issue, § 42–3–123(18)(a), C.R.S.1973, reenacted effective January 1, 1970, provides:

"In addition to the annual registration fees prescribed in this section for passenger buses operated for the transportation of passengers for compensation, there is assessed and shall be paid by the owner or operator of every such vehicle operated over the public highways of this state a tax of one mill for each passenger transported for a distance of one mile (defined as a 'passenger-mile').... *The tax assessed by this subsection (18) shall not apply to passenger service rendered or passenger-miles operated within the boundaries of a city, city and county, or incorporated town by a company engaged in the mass transportation of persons by buses or trolley coaches,* nor shall it apply to taxicabs, hotel buses, sightseeing buses, or limousines operated exclusively within the boundaries of a city, city and county, or incorporated town." (emphasis added)

■ This statute specifically limits the exemption to passenger-miles operated within the boundaries of a city, city and county, or incorporated town. Therefore, there is no exemption for operations outside of those boundaries. The state has the power to impose an excise tax on its political subdivisions, *People v. City & County of Denver,* 90 Colo. 598, 10 P.2d 1106 (1932), and it did so here.

■ Citing *Associated Dry Goods Corp. v. City of Arvada,* 197 Colo. 491, 593 P.2d 1375 (1979), RTD argues that taxing statutes are to be strictly construed and that all doubts are to be resolved against the government and in favor of the taxpayer. That is a correct statement. However, where, as here, a taxpayer claims an exemption under the statute, the burden is on it to establish its entitlement thereto, and the exemption will be strictly construed in favor of the taxing authority. *Security Life & Accident Co. v. Heckers,* 177 Colo. 455, 495 P.2d 225 (1972); *Bedford v. Hartman Brothers, Inc.,* 104 Colo. 190, 89 P.2d 584 (1938). And, in *Associated Dry Goods Corp., supra,* the court stated that "taxing acts will not be extended beyond the clear import of the language used." Here, the language is clear as to the limits of the exemption, and that language controls.

■ As quoted above, the opening phrase of the statute at issue imposes a passenger-mile tax on "every such vehicle" and states

that the tax is "[i]n addition to the annual registration fees." From this wording, RTD contends that imposition of the tax is linked with and predicated upon payment of registration fees and only applies to vehicles subject to such registration fees. Hence, it argues, since political subdivisions are specifically exempt from payment of registration fees on their vehicles under § 42–3–123(3)(c), the passenger-mile tax is not applicable to it. We do not agree.

The provisions for registration fees include specific exemptions for vehicles owned by, among others, political subdivisions. Section 42–3–123(3)(c), C.R.S.1973. Section 42–3–123(14)(a), C.R.S.1973, imposes a ton-mile tax "in addition to the annual registration fees." And, § 42–3–123(15) specifically identifies which vehicle owners are exempt from that tax—including, in (15)(e), political subdivisions.

Construing § 42–3–123, C.R.S.1973, as a whole, we conclude that contrary to what it did for registration fees and ton-mile tax, the general assembly did not intend to and did not exempt political subdivisions as such from the passenger-mile tax.

Judgment affirmed.

KELLY and KIRSHBAUM, JJ., concur.