No. 26285

State of Colorado by and through its Department of Institutions, Division of Youth Services, Division of Juvenile Parole v. Colorado Civil Rights Commission in relation to Vallorie McAllister

(521 P.2d 908)

Decided April 29, 1974.                    Rehearing denied May 20, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Jack E. Hanthorn, First Assistant, Richard G. McManus, Jr., Assistant, for petitioners-appellants.

Jeffrey I. Sandman, Assistant Attorney General, Gary L. Calder, Special Assistant, for respondent-appellee.

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an appeal from a judgment of the Denver District Court which affirmed an order of the Colorado Civil Rights Commission finding that Vallorie McAllister had been dismissed from her employment as a juvenile parole agent because of her sex. We hold that the Colorado Civil Rights Commission had no jurisdiction to hear the case and therefore reverse.

The controversy leading to this appeal dates back to 1970 when McAllister was dismissed from her job as a Parole Agent I. She was ordered reinstated by the Civil Service Commission, but was again dismissed by Richard Douglass, director of juvenile parole for the Department of Institutions in December of that year. Again McAllister appealed to the Civil Service Commission and was reinstated. When she subsequently reported for work on March 18, 1971, she was advised that her job had been abolished for budgetary reasons. These dismissals and continuing difficulties between McAllister and Douglass formed the basis for the Civil Rights Commission's finding that Douglass had engaged in a discriminatory or unfair employment practice in dismissing McAll-

ister because of her sex. 1969 Perm. Supp., C.R.S. 1963, 80-21-6(2). The district court in affirming held that there was substantial evidence to support the finding of the Commission. Because we hold that the Civil Rights Commission had no jurisdiction to consider a complaint involving a classified civil servant, we necessarily do not reach the question of the correctness of its decision.

■ We note that Article XII, Section 13 of the Colorado Constitution provides that the Civil Service Commission has authority to promulgate and enforce rules to carry out the purposes of that section. At the time this case arose, the Commission, pursuant to this authority, had promulgated the following rule:

A. *Prohibition of Discrimination*

1. Discrimination for or against any person in recruitment, examination, classification, training, promotion, retention, assignment of duties, granting of rights and benefits, or any other personnel action because of race, creed, color, sex, political or religious affiliations, organizational membership or other non-merit factors is prohibited, and violation of this rule shall be cause for dismissal or other disciplinary action. Article XVI, Section A, 1, Colorado Civil Service Commission Rules and Regulations, p. 65.

Thus, members of the classified civil service have a remedy for discriminatory employment practices which may be pursued before the Civil Service Commission.

The Civil Rights Commission argues that it has concurrent jurisdiction with the Civil Service Commission to hear complaints involving sex discrimination. This argument is based on the statutory definition of "employer" found in the Colorado Anti-discrimination Act of 1957.

"(5) 'Employer' shall mean the state of Colorado or any political subdivision or board, commission, department, institution or school district thereof, and every other person employing six or more employees within the state; but it does not mean religious organizations or associations, except such organizations or associations supported in whole or in part by money raised by taxation or public borrowing." C.R.S. 1963, 80-21-2(5).

Since the above section, by definition, includes the state of Colorado as an employer under the act, the Civil Rights Commission argues that their jurisdiction extends to complaints of discrimination involving all state employees.

At the time McAllister was dismissed and filed her complaint before the Civil Rights Commission, Article XII, Section 13 of the Colorado Constitution read in pertinent part:

"Persons in the classified service [of the state] shall hold their respective positions during efficient service and shall be graded and compensated according to standards of efficient service which shall be the same for all persons having like duties. *They shall be removed or disciplined only upon written charges, which may be filed by the head of a department or by any citizen of the state, for failure to comply with such standards, or for the good of the service, to be finally and promptly determined by the commission upon inquiry and after an opportunity to be heard* . . . .

". . . The making and enforcement of rules to carry out the purposes of this amendment and of the laws enacted in pursuance hereof, the alteration and rescission of such rules, the conduct of all competitive tests, *the determination of all removal or disciplinary cases, the standardization of all positions, the determination of standards of efficient service and the determination of the grades of all positions in the classified service shall be vested in the commission.*[1] . . ." (Emphasis added.)

We have previously held that Article XII, Section 13 gives exclusive jurisdiction to the Civil Service Commission to determine matters of employment and dismissal of classified civil servants. We said in *Civil Service Commission v. Hazlett,* 119 Colo. 173, 201 P.2d 616 (1948):

". . . [T]he constitutional provision applicable herein confers upon the Civil Service Commission and not upon the courts, the *exclusive jurisdiction to ascertain* the qualifications,

---

[1] Article XII, Section 13 was repealed and re-adopted with amendments, effective July 1, 1971. The present constitutional provisions are not before us in this case and we intimate no view as to their effect upon the jurisdiction of the Civil Rights Commission.

fitness and merit of applicants for positions under classified service, and *the final determination as to when, under what circumstances, and for what causes those in such service may be removed therefrom.*" 119 Colo. 173, 177-178. (Emphasis added.)

It is a well settled principle of statutory construction that where a statute is susceptible of two constructions, one constitutional and the other unconstitutional, the legislature will be presumed to have intended to pass a constitutional statute. *People v. Sneed,* 183 Colo. 96, 514 P.2d 776 (1973); *People v. Trujillo,* 178 Colo. 147, 497 P.2d 1 (1972); *People v. White,* 144 Colo. 212, 355 P.2d 963 (1960); *Martinez v. People,* 111 Colo. 52, 137 P.2d 690 (1943); *People v. Rapini,* 107 Colo. 363, 112 P.2d 551 (1941).

The constitution gives exclusive jurisdiction to the Civil Service Commission in matters of dismissal from state employment of a member of the classified civil service. Thus, C.R.S. 1963, 80-21-2(5) which defines "employer" and C.R.S. 1963, 80-21-2(6) which defines "employee" must be read together to exclude from the jurisdiction of the Civil Rights Commission those state employees who are members of the classified civil service. The legislature has no power to alter the organic law of the state of Colorado by a simple legislative act. Any other construction of the above sections would be void because of the conflict with Article XII, Section 13 of the Colorado Constitution.

The judgment of the district court is reversed and the case is remanded with directions to reverse the order of the Civil Rights Commission and to dismiss the complaint for lack of jurisdiction.