**Richard J. QUICKER, Complainant–Appellant,**

v.

**COLORADO CIVIL RIGHTS COMMISSION and American V. Mueller, Division of American Hospital Supply Corporation, Respondents–Appellees.**

No. 86CA1070.

Colorado Court of Appeals, Div. II.

July 9, 1987.

---

Fairfield and Woods, P.C., James L. Stone, Brent T. Johnson, Denver, for complainant-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent-appellee Civil Rights Commission.

Madden and Strate, P.C., Deana R. Willingham, Wheat Ridge, for respondent-appellee American V. Mueller, Div. of American Hospital Supply Corp.

STERNBERG, Judge.

Richard J. Quicker (employee) filed a complaint with the Civil Rights Commission alleging discrimination by his employer, American V. Mueller Division of American Hospital Supply Corp. The complaint was dismissed by the Commission as untimely. The employee appeals, and we set aside the order of dismissal.

In January 1985, the employee was informed that his employment was to be terminated, effective May 17, 1985. On November 1, 1985, he filed a claim with the Commission alleging that the employer had terminated his employment because a physical handicap (a heart condition) prevented him from doing the extensive traveling necessary to his job and did not give him an opportunity to transfer to other positions.

### I. Statute of Repose

Section 24–34–403, C.R.S., mandates that claims such as this must be filed "within six months after the alleged discriminatory or unfair employment practice occurred." The employee argues this statutory time limitation began to run on May 17, 1985, the date of his actual separation from employment, and that his claim with the Commission was thus timely. The Commission ruled to the contrary that the time for filing began to run in January 1985, when notice of discharge was given to the employee. We agree with the Commission's interpretation that, as to the alleged act of discharging the employee on a discriminatory basis, the limitations period for filing a claim commenced on January 14, 1985, the date the employee received notice of discharge.

Under the language of the statute, § 24–34–403, C.R.S., the occurrence of the alleged discriminatory or unfair practice triggers the running of the time limit. No Colorado cases have interpreted this statute; however, in interpreting similar statutes, federal courts have held that the date upon which an individual receives notice of his discharge is the date of the discriminatory act. *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). *See also Earnhardt v. Commonwealth of Puerto Rico*, 691 F.2d 69 (1st Cir.1982). We adopt that interpretation, and thus hold that, unless tolled, the statutory period began to run in January 1985.

### II. Tolling

The employee contends that, even if the time for filing his complaint would ordinarily have begun on receipt of the notice, the running of the limitation period should be equitably tolled for failure to give proper notice. We agree with this contention.

We must construe the procedural requirements of the civil rights statutes to fulfill their beneficent purpose to expose unlawful discrimination, and in consideration of the fact that charges of such discrimination are normally made by those untutored in the niceties of pleading. *See Smith v. American President Lines, Ltd.*, 571 F.2d 102 (2d Cir.1978).

Colorado Civil Rights Commission Regulation 20.1 mandates that all employers post and maintain a notice furnished by the Commission which informs employees that Colorado law prohibits discrimination in employment, that there is a six-month stat-

ute of limitations, and that employees may obtain further information at the Commission offices listed on the poster. Part A of Regulation 20.1 requires these notices to be "posted conspiciously in easily accessible and well-lighted places customarily frequented by employees ... and at or near each location where employees' services are performed."

This regulation is designed to provide constructive notice to employees of their civil rights, and rigorous adherence to its mandate is essential in view of the relatively short six-month filing period prescribed by § 24–34–403, C.R.S. *See Charlier v. S.C. Johnson & Son, Inc.,* 556 F.2d 761 (5th Cir.1977). An employer may not be heard to plead this statute of limitations unless it has complied with its duty under the regulation to provide employees with notice of their statutory rights. *See Strader v. Beneficial Finance Co.,* 191 Colo. 206, 551 P.2d 720 (1976).

The Commission and the employer cite federal circuit court opinions which have held that failure to post the required notice by itself is insufficient to toll the limitations period, and that tolling is only appropriate if the employer has actively misled the employee respecting the cause of action or if the employee has in some extraordinary way been prevented from asserting his rights. *See Smith v. American President Lines, Inc., supra; Wilkerson v. Siegfried Insurance Agency, Inc.,* 683 F.2d 344 (10th Cir.1982). Our reading of the United States Supreme Court decisions upon which these circuit courts rely for this proposition indicates that the primary concern of the reviewing court should be whether the employee had the actual or constructive knowledge of the civil rights which the employer has a duty to provide, and whether the employee has slept on those rights. *See Electrical Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Burnett v. N.Y. Central Ry. Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965).

In this case, the employee was a salesman. The employer had a written policy requiring sales representatives to maintain an office within their homes for the convenience of the employer. The employee maintained such an office in his home, and the employer had no other offices within Colorado other than the home offices of its sales representatives. The employer did not provide the employee with the required poster or any other notice of his rights under Colorado's civil rights laws. Under these circumstances, we conclude that the policy of repose embodied in § 24–34–403, C.R.S., is outweighed by the interests of justice in vindicating the plaintiff's rights. *See Burnett v. New York Central Ry. Co., supra.* To hold otherwise would defeat the remedial purposes of the civil rights laws by beginning a limitations period running against a claimant before he had a reasonable opportunity to become aware of his civil rights, so that it may be said he knew or reasonably should have known of those rights.

The employer and the Commission, however, argue that the employee cannot avail himself of the equitable remedy of tolling because he sought and received legal counsel regarding his rights after termination in May 1985, within the statutory six-month filing period. However, if such consultation with an attorney occurred, it is not grounds for denying equitable tolling altogether, but merely constitutes circumstances sufficient to begin the running of the limitations period. *See DeBrunner v. Midway Equipment Co.,* 803 F.2d 950 (8th Cir.1986). The employee's claims were filed within six months of any legal consultation he might have received during May 1985, and therefore, we hold that they were timely brought.

### III. Continuing Violations

■ The employee also contends that his additional allegations concerning a discriminatory refusal to transfer him to another job should have tolled the six-month time limit. We agree that the employee's November 1 filing was timely because his charges included allegations of continuing discriminatory employment practices that

occurred up until May 17, 1985, his last day of employment.

The employee alleged that *after* the decision to discharge him had been made, the employer failed to make any effort to transfer him to a position with another division of the parent corporation, even though the corporation was aware of employee's continuing interest in such a transfer, such positions were available in the Denver area through May 17, 1985, the employee was qualified for such positions, and the employer had made such efforts on behalf of non-handicapped sales representatives who had been affected by a recent reduction in the corporation's sales force. These charges allege a present and continuing discriminatory or unfair employment practice up until the date the employee's discharge became effective and final. Because these acts are related to the alleged discriminatory discharge and occurred within the six-month filing period, allegations concerning the earlier act of discharge are not time-barred. *See Roberts v. North American Rockwell Corp.*, 650 F.2d 823 (6th Cir.1981).

The facts of this case are distinguishable from those in *Delaware State College v. Ricks, supra,* in which the United States Supreme Court rejected a plaintiff's claim of a continuing violation of the civil rights laws. Unlike the plaintiff in *Ricks,* the employee's allegations here amount to more than "mere continuity of employment." The employee here alleged that termination of employment at the defendant corporation was not an "inevitable consequence" of notice of discharge, and that the manner in which his employment was terminated differed discriminatorily from the manner in which the employer terminated other employees who had been discharged.

There is evidentiary support in the record for the employee's allegations that his requests to be transferred to another position in the corporation were handled in a discriminatory manner. These facts of record were presented to the Commission, whose findings do not acknowledge that an allegation of discrimination distinct from the decision to discharge plaintiff had been made.

For these reasons, we conclude that the Commission erred in affirming the dismissal of the employee's charges as untimely.

The order is set aside, and the cause is remanded for consideration of the merits of the employee's charges.

SMITH and METZGER, JJ., concur.