**Isaac N. KINCHEN and The State Personnel Board, Complainants– Appellees,**

v.

**The DEPARTMENT OF INSTITUTIONS, DIVISION FOR DEVELOPMENTAL DISABILITIES, WHEAT RIDGE REGIONAL CENTER, Respondent–Appellant.**

No. 92CA0350.

Colorado Court of Appeals, Div. III.

April 22, 1993.

As Modified on Denial of Rehearing June 3, 1993.

Certiorari Granted Feb. 7, 1994.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Opinion by Chief Judge STERNBERG.

Respondent, the Department of Institutions, Wheat Ridge Regional Center (Department), appeals from an order of the State Personnel Board (Board) mandating the reinstatement of complainant, Isaac N. Kinchen, to his position with back pay and benefits. We affirm the order.

Based on allegations that he committed willful misconduct involving resident abuse, Kinchen was terminated from his employment by the Department in a disciplinary action. He appealed his termination to the Board, and an evidentiary hearing was conducted before a hearing officer for the Board.

The hearing officer found that the Department had not proved by a preponderance of the evidence that Kinchen had done the acts for which discipline was imposed and that the Department had not properly conducted the pre-disciplinary proceeding.

The hearing officer ordered the Department to reinstate Kinchen with back pay and benefits. On review of the hearing officer's ruling, the Board, by unanimous vote, adopted the findings of fact and conclusions of law of the hearing officer and affirmed the ruling.

The Department contends that the Board's conclusions were contrary to the weight of the evidence, that the Board erred when it required the Department, rather than Kinchen, to bear the burden of proof at the hearing, and that it erred in its determination that the Department had not properly conducted the pre-disciplinary proceeding.

Vonda G. Hall, Denver, for complainant-appellee Isaac N. Kinchen.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Dianne E. Eret, First Asst. Atty. Gen., Laurie Rottersman, Asst. Atty. Gen., Denver, for complainant-appellee State Personnel Bd.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric R. Decator, Asst. Atty. Gen., Denver, for respondent-appellant.

I.

In arguing that the Board's conclusions were contrary to the weight of the evidence, the Department, in essence, contends that the hearing officer improperly weighed the conflicting testimony presented at the hearing. The hearing officer determined that the Department's witness was less credible than Kinchen and character witnesses testifying on his behalf.

Determination of the credibility of witnesses and the weight to be given their testimony is the province of the trier of fact and will not

be disturbed on appeal. *Charnes v. Lobato,* 743 P.2d 27 (Colo.1987).

The Department also refers us to a parallel disciplinary proceeding of a coworker of Kinchen. That proceeding involved the same Department witness and similar allegations. The imposition of discipline was upheld by the Board. The Department contends that it is logically inconsistent for the Board to uphold the Department in the other proceeding and overturn it in this one, when both are based on substantively the same evidence.

We decline to compare the two proceedings, other than to note that a different hearing officer presided over the second hearing and apparently reached different conclusions based on the evidence presented there. *Charnes v. Lobato, supra.*

## II.

■ The Department contends that the hearing officer erred in placing the burden of proof in the hearing on it rather than on Kinchen. We disagree.

In a written initial decision, the hearing officer presented as an issue to be determined: "Whether [Department] proved, by a preponderance of the evidence, that [Kinchen] did the acts for which discipline was imposed." The conclusions section found that the Department: "Did not prove, by a preponderance of the evidence, that [Kinchen] did the acts for which discipline was imposed." After review, this decision was adopted by the Board.

The Department argues that the hearing officer erred in assigning it the burden of the proof as it was not the "proponent of the order" pursuant to § 24–4–105(7), C.R.S. (1988 Repl.Vol. 10A). Kinchen and the Board both contend that the Department was the proponent of an order upholding the discipline and that the burden of proof was properly allocated.

Resolution of this issue requires us to review the procedure for appeal to the Board of the dismissal of a certified state employee by a state agency. The procedures for such an appeal are set forth in the Colorado Constitution, statutes, and rules promulgated by the Board.

■ Certified state employees have a property interest in their positions and may only be terminated for just cause. *Colorado Association of Public Employees v. Department of Highways,* 809 P.2d 988 (Colo.1991). The constitution creates the right to a hearing before the State Personnel Board for a certified state employee who has been dismissed by a state agency. Colo. Const. art. XII, § 13(8). The constitution also creates the Board and empowers it to promulgate rules by which it will conduct such hearings. Colo. Const. art. XII, § 14.

Disciplinary proceedings are governed by § 24–50–125, C.R.S. (1988 Repl.Vol. 10A). Under that provision, an appointing authority may dismiss, suspend, or otherwise discipline a certified state employee upon written findings of certain enumerated events, including willful misconduct. The employee has the right to petition the Board for a hearing "upon the action taken" by the appointing authority. The Board must grant the hearing. Section 24–50–125(3), C.R.S. (1988 Repl.Vol. 10A).

The Board has promulgated rules governing such hearings. *See* State Personal Board Rule R10–9–1, et seq., 4 Code Colo.Reg. 801–1 (1986). Rule R10–9–1 provides:

> Unless continued pursuant to Rules Chapter 10, Article 8, and except as otherwise specified in these rules, all hearings shall be commenced within 45 days of receipt of the appeal and shall be conducted in accordance with CRS 24–4–105 and 24–50–125.4.

There is no Board rule concerning the allocation of the burden of proof in dismissal hearings. Thus, pursuant to Rule R10–9–1, we must examine the referenced statutes for direction.

Section 24–50–125.4, C.R.S. (1988 Repl.Vol. 10B) sets forth deadlines for the various stages of an appeal under the state personnel system but does not address burden of proof. Section 24–4–105, C.R.S. (1988 Repl.Vol. 10A) is part of the State Administrative Procedure Act, § 24–4–101, et seq., C.R.S. (1988 Repl.Vol. 10A). The APA, governing rule-making and licensing by state agencies, pro-

vides procedures to be used when state agencies conduct hearings.

Allocation of the burden of proof in hearings is set forth in § 24–4–105(7), C.R.S. (1988 Repl.Vol. 10A) which provides, in pertinent part, that: "Except as otherwise provided by statute, the proponent of an order shall have the burden of proof."

The parties concede the applicability of this statute, but disagree as to which party was the "proponent of the order." Relying on *Renteria v. Colorado State Department of Personnel*, 811 P.2d 797 (Colo.1991), the Department contends that the "order" sought was an order from the Board reversing the decision to dismiss Kinchen and that Kinchen was the party seeking such an order. Kinchen and the Board contend that the Department was the proponent of an order upholding the dismissal. We agree with Kinchen and the Board.

■ The general rule in a personnel board review of a disciplinary action of a certified state employee is that the burden of proof is on the terminating authority, not the employee. *See generally Department of Health & Welfare v. Sandoval*, 113 Idaho 186, 742 P.2d 992 (App.1987); *Tonkin v. Jackson County Merit Commission*, 599 S.W.2d 25 (Mo.App. 1980); *cf. People ex rel. Heckers v. District Court*, 170 Colo. 533, 463 P.2d 310 (1970) (burden on department suspending or revoking license, not licensee).

■ A certified state employee's property interest in his employment may not be deprived without due process of law. *Montoya v. Colorado Springs*, 770 P.2d 1358 (Colo. App.1989).

■ In a disciplinary action, the appointing authority must meet with the employee to notify him of the charges against him and the authority's intended action. *See* State Personal Board Rule R8–3–3, 4 Code Colo. Reg. 801–1 (1986). Such conferences are not of record, nor must the authority present or even identify the witnesses or full range of evidence against the employee. Thus, there is a lack of due process in this pre-termination meeting.

Such due process deficiency is sustainable only if there is opportunity for a post-termination evidentiary hearing before a neutral third party, at which the authority must present and support its case. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *University v. State Personnel Board*, 759 P.2d 865 (Colo.App.1988). As noted, the subject of the hearing is "the action taken" by the appointing authority, *i.e.*, the discipline or termination of the employee. Section 24–50–125(3). Accordingly the Department was the proponent of an order from the Board upholding the action taken.

The Department's reliance on *Renteria v. Colorado State Department of Personnel, supra*, does not require a different result. In *Renteria*, a certified state employee sought to avoid the reallocation of his position by his employer, a state agency. The court held that § 24–4–105(7) applied to the administrative proceeding. The court found that, for the purposes of § 24–4–105(7), the employee was the moving party before the hearing panel because he sought an order voiding the reallocation of his position and thus bore the burden of proof.

*Renteria*, however, involved an appeal of a reallocation to the State Personnel Director under § 24–50–104(3)(g), C.R.S. (1988 Repl. Vol. 10B), not a termination or disciplinary action brought before the Board pursuant to § 24–50–125. The court noted that Renteria retained the ability to pursue an appeal to the Board to the extent that he alleged that his reallocation was actually a disciplinary action but declined to review the procedures for such an appeal. Accordingly, we do not read *Renteria* as controlling in this case.

We conclude that, as Kinchen had a protected property interest in his position, in an action to deprive him of that position the hearing officer appropriately placed the burden of proof on the Department, the party seeking that deprivation. *See Department of Health & Welfare v. Sandoval, supra*.

### III.

■ The Department contends that the Board applied the wrong standard of review

by reversing the termination without an explicit finding that the Department's action was "arbitrary, capricious or contrary to rule or law," as required by § 24–50–103(6), C.R.S. (1988 Repl.Vol. 10B). We disagree.

The hearing officer's finding of evidentiary fact, adopted unanimously by the Board, established that Kinchen did not do the acts for which discipline was imposed. Implicit in this determination was a finding that the Department's action was "arbitrary, capricious or contrary to rule or law" because there was no factual or legal basis for the action. *See Forbes v. Poudre School District R–1*, 791 P.2d 675 (Colo.1990); *Fiebig v. Wheat Ridge Regional Center*, 782 P.2d 814 (Colo.App.1989).

Thus, the Board's reversal of the Department's disciplinary action did not violate the statutory standard set forth in § 24–50–103(6).

We do not reach the other contention of error in light of our resolution of the issues above.

Order affirmed.

CRISWELL and NEY, JJ., concur.