This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                 **NO. 30,938**

**ABEL ACEVES RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Gary Jeffreys, District Judge**

Gary K. King, Attorney General
Yvonne M. Chicoine, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

Defendant Abel Aceves Rodriguez appeals his conviction of first degree kidnapping and attempted second degree criminal sexual contact of a minor (CSCM).

Defendant alleges six errors on appeal. However, since we agree with Defendant that his restraint of the child was incidental to the attempted CSCM and therefore not sufficient to support a conviction for kidnapping, we need not consider all of the issues raised by Defendant. We further agree with the State that the jury was improperly instructed on the elements of second degree CSCM (CSCM II) and that Defendant's conviction for attempted CSCM II must be vacated and replaced with a conviction for CSCM in the third degree (CSCM III). Finally, we reject Defendant's argument that there was insufficient evidence to support a conviction for attempted CSCM. Accordingly, we reverse Defendant's conviction for kidnapping and remand to the district court for entry of judgment of guilt for attempted CSCM III and resentencing.

**BACKGROUND**

The charges arose from an incident in which Defendant restrained a twelve-year-old boy in an alley and attempted to unlawfully touch the child contrary to NMSA 1978, Section 30-9-13 (2003). Because this is a memorandum opinion and because the parties are familiar with the procedural history and facts of the case, we reserve further discussion of pertinent facts for our analysis.

**DISCUSSION**

**Defendant's Restraint of the Child Does Not Support a Conviction for Kidnapping**

2

Defendant argues both that (1) the Legislature did not intend to punish as kidnapping any restraint that is incidental to the commission of another offense, and (2) the evidence was insufficient to support a conviction for kidnapping because the State failed to establish a restraint beyond that incidental to the commission of the attempted CSCM. This Court recently agreed with Defendant's first argument. *State v. Trujillo*, 2012-NMCA-____, ¶ 39, ___ P.3d ___ (No. 30,563, Aug. 27, 2012). Therefore, the question before us is Defendant's second argument—whether the evidence, viewed in the light most favorable to the verdict, *see State v. Gipson*, 2009-NMCA-053, ¶ 4, 146 N.M. 202, 207 P.3d 1179, was sufficient to support a determination that the restraint in this case was more than incidental to the crime of attempted CSCM. As we did in *Trujillo*, we conclude as a matter of law that Defendant's conduct fails to constitute kidnapping. *See* 2012-NMCA-___, ¶ 42.

In *Trujillo*, the defendant's convictions for kidnapping and aggravated battery arose out of actions he took in simultaneously restraining and beating the victim with the assistance of another person. *Id.* ¶¶ 2-4. On appeal, the defendant argued that there was insufficient evidence to support a conviction for kidnapping where the restraint that formed the basis of the kidnapping conviction was incidental to the actions he took in furtherance of the aggravated battery. *Id.* ¶ 6. This Court, in reviewing the history of our kidnapping statute and case law from other jurisdictions,

held that "the Legislature did not intend to punish as kidnapping restraints that are merely incidental to another crime." *Id.* ¶ 39.

In reaching this holding, we aligned New Mexico with the majority position that "kidnapping statutes do not apply to unlawful confinements or movements incidental to the commission of other felonies." *Id.* ¶ 31 (internal quotation marks and citation omitted). While we declined in *Trujillo* to explicitly adopt any of the three major tests currently being employed by courts in determining whether a restraint or confinement is incidental to other crimes, we emphasized that the essence of the tests was whether "the restraint or movement increas[ed] the culpability of the defendant over and above his culpability for the other crime." *Id.* ¶ 38; *see also id.* (stating that "the severe penalties for kidnapping are acceptable only when there is culpability for increased danger to the victim"). We further stated that this determination "depends on the facts of each case, in light of the totality of [the] circumstances." *Id.* ¶ 43 (internal quotation marks and citation omitted). Therefore, in cases such as *Trujillo* where the factual circumstances so clearly evidence an incidental restraint or movement, we can determine as a matter of law that the restraint or movement did not constitute kidnapping. *Id.* 42. More complicated factual situations, however, present a question for the jury as to whether the movement was merely incidental. *Id.*

In this case, testimony at trial indicates that the child was walking down an alley when Defendant spoke to him and pulled him down onto some cushions that Defendant kept in the alleyway. Defendant continued to hold onto the child while he began attempting to kiss the child, unbuckling his own pants, and putting his thumb in the waistband of the child's pants. Upon being confronted by a neighbor, Defendant initially continued to restrain the child until the neighbor advanced toward Defendant, and Defendant released the child.

Based upon these facts and the analysis utilized by this Court in *Trujillo*, we cannot say that the nature of Defendant's restraint of the child increased his culpability beyond that inherent to the commission of attempted CSCM. Defendant's restraint of the child was no longer or greater than that necessary to commit CSCM, even though Defendant was prevented by the neighbor from completing the act. *See id.* ¶¶ 34, 39 (citing one test for determining that a restraint is incidental as "whether a defendant [intended] to prevent the victim's liberation for a longer period of time or to a greater degree than that which is necessary to commit the other crime" (alteration in original) (internal quotation marks and citation omitted)). Furthermore, the restraint did not increase the severity of the attempted CSCM or subject the child to a substantially greater risk of harm. *Id.* ¶¶ 36, 39 (citing a second test as grafting onto the first test the question of whether the movements of the victim "substantially

increase the risk of harm over and above that necessarily present" in the other crime (internal quotation marks and citation omitted)). In fact, the child testified that he was not physically harmed either by the restraint or during the encounter. Finally, the restraint involved here is the kind inherent to CSCM and was not the type of restraint or movement done to make commission of the CSCM "substantially easier" or to "lessen[] the [defendant's] risk of detection." *Id.* ¶ 37 (internal quotation marks and citation omitted) (citing a third test for determining whether the restraint is incidental to the other crime). Therefore, we conclude as a matter of law that the restraint was incidental to the attempted CSCM and did not evidence the type of restraint, beyond that inherent to CSCM, that the Legislature intended to be used to support a conviction for first degree kidnapping. In so holding, we emphasize, as we did in *Trujillo*, that the factual circumstances of this case allow us to determine as a matter of law that Defendant's conduct did not constitute kidnapping. *See id.*, 2012-NMCA-___, ¶ 42.

**There was Sufficient Evidence to Convict Defendant of CSCM III**

Defendant was convicted of attempted CSCM II. Unlike CSCM III, CSCM II requires an additional finding that the defendant attempted to unlawfully touch the *unclothed* intimate parts of a minor. Section 30-9-13(B). The State concedes, and Defendant readily agrees, that the jury was improperly instructed regarding the

6

elements of CSCM II because the word "unclothed" was omitted from the jury instruction. While we are not bound by the State's concession, *see State v. Guerra*, 2012-NMSC-027, ¶ 9, 284 P.3d 1076, we agree with the State that the omission of the word "unclothed" from the jury instruction requires us to vacate Defendant's conviction for CSCM II and remand for entry of judgment for CSCM III. Under our Supreme Court's holding in *State v. Haynie*, "appellate courts have the authority to remand a case for entry of judgment on the lesser included offense and resentencing . . . when the evidence does not support the offense for which the defendant was convicted but does support a lesser included offense." 116 N.M. 746, 748, 867 P.2d 416, 418 (1994). While the Court later held in *State v. Villa* that application of the "direct-remand" rule is inappropriate where the jury had not been instructed on the lesser offense at trial, 2004-NMSC-031, ¶ 15, 136 N.M. 367, 98 P.3d 1017, here, by omitting "unclothed" from the jury instruction, the jury was essentially instructed on the elements of attempted CSCM III because the charge is necessarily encompassed by attempted CSCM II. *Compare* § 30-9-13(B), *with* § 30-9-13(C) (differentiating between second and third degree CSCM by omitting "unclothed intimate parts" from the definition of CSCM III); *see also State v. Notah-Hunter*, 2005-NMCA-074, ¶ 27, 137 N.M. 597, 113 P.3d 867 (distinguishing *Villa* in part because the defendant's conviction for aggravated DWI necessarily encompassed the lesser included charge

of DWI).  Therefore, a remand for entry of judgment for CSCM III and resentencing is appropriate in this case.

Finally, despite concluding that Defendant's conviction should be reduced to attempted CSCM III, we proceed to briefly address Defendant's argument that there was not sufficient evidence to support a conviction for any degree of attempted CSCM.  We review the sufficiency of the evidence pursuant to a substantial evidence standard.  *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988).  Under a substantial evidence standard, the "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *State v. Garcia*, 114 N.M. 269, 274, 837 P.2d 862, 867 (1992) (alteration in original) (internal quotation marks and citation omitted).

To convict Defendant of attempted CSCM III, the State must prove beyond a reasonable doubt that (1) Defendant intended to commit the crime of criminal sexual contact of a child under the age of 13, and (2) Defendant began to do an act that constituted a substantial part of the criminal sexual contact of a child under the age of 13 but failed to commit the criminal sexual contact of a child.  *See* § 30-9-13(C). Criminal sexual contact is described as the "unlawful and intentional touching of or applying force to the intimate parts of a minor or the unlawful and intentional causing

8

of a minor to touch one's intimate parts." Section 30-9-13(A). "[I]ntimate parts means the primary genital area, groin, buttocks, anus or breast." *Id.*

Defendant's briefing on this point essentially asks us to disregard the testimony of the child and the neighbor in favor of Defendant's testimony that due to linguistic differences, there was a misunderstanding between Defendant and the child as to what actually occurred in the alley. However, as both the child and the neighbor testified that Defendant was restraining the child, attempting to kiss him, and either pulling up the child's shirt or, as the neighbor testified, attempting to remove the child's pants as well, we conclude that a rational trier of fact could have found the essential elements of attempted CSCM III beyond a reasonable doubt. *See also State v. Riggs*, 114 N.M. 358, 362-63, 838 P.2d 975, 979-80 (1992) (stating that the jury determines credibility and the weight to be given to testimony).

**CONCLUSION**

For the reasons discussed above, we vacate Defendant's convictions for kidnapping and attempted CSCM II. Because we conclude that there was sufficient evidence for a conviction of the lesser included offense of attempted CSCM III, we remand to the district court for entry of judgment of conviction for attempted CSCM III and resentencing in accordance therewith.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**MICHAEL E. VIGIL, Judge**